UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-0447 FMO (SHKx) | Date | March 28, 2022 |
|---|---|---|---|
| Title | Christopher Hammatt v. Knight Transportation, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Remand

On December 17, 2021, plaintiff Christopher Hammatt ("plaintiff") filed a Complaint in the San Bernardino County Superior Court against Knight Transportation, Inc. dba Arizona Knight Transportation, Inc. ("defendant"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint). On March 10, 2022, defendant removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a). (See Dkt. 1, NOR at p. 1 & ¶ 3).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.[1] See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted).

Having reviewed the NOR and the Complaint, the court questions whether the amount in controversy exceeds $75,000.[2] Defendant alleges that "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because, while the Complaint itself is silent on the amount of damages sought, Plaintiff has demanded in prefiling correspondence the amount of $124,500. This demand was made by Plaintiff, via email from his attorney, on November 27,

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

[2] The NOR also indicates a procedural defect in that the removal may have been untimely. See 28 U.S.C. § 1446. Procedural defects in NORs must be challenged via a motion to remand within 30 days of removal, i.e., April 11, 2022. See 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 22-0447 FMO (SHKx)** | Date | **March 28, 2022** |
|---|---|---|---|
| Title | **Christopher Hammatt v. Knight Transportation, Inc., et al.** | | |

2019." (Dkt. 1, NOR at ¶ 3). However, defendant has not submitted copies of the correspondence or other documentation to support this allegation. (See, generally, NOR).

     Based on the foregoing, IT IS ORDERED that no later than **April 4, 2022,** defendant shall show cause in writing why this action should not be remanded for the reasons noted above. Defendant may file copies of the correspondence referred to in the NOR under seal if appropriate and in compliance with the Local Rules. This deadline shall not extend the time for responding to any motion for remand filed by plaintiff. **Failure to respond to the OSC by the deadline set forth above shall be deemed as consent to the remand of the action to state court.**

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | gga | | |